SMITH WILLIAMSON, as Executor, etc., of JOHN L. BURNETT, Plaintiff, *v.* JESSIE T. BANNING, Defendant.

*Conveyances acknowledged, out of the State, before a commissioner for the State of New York and recorded without Secretary of State's certificate — unmarketable title.*

Where it appears that the plaintiff in an action claims title to real property through the record of an instrument, purporting to have been acknowledged by the grantor before a commissioner of deeds for the State of New York in the State of Pennsylvania, and that no certificate was recorded therewith of the Secretary of State of the State of New York, as required by the statute, and there is no proof that the grantee in such conveyance took possession under such instrument, and the execution of such deed cannot be established by secondary evidence, the plaintiff's title is not marketable, and a defendant will be released from a contract for the purchase of the property.

SUBMISSION of controversy upon an agreed statement of facts in pursuance of section 1279 of the Code of Civil Procedure.

*James C. de La Mare,* for the plaintiff.

*William Langdon,* for the defendant.

PARKER, J. :

It may be possible that facts exist which would establish a marketable title in the plaintiff, but they are not stated in this record.

Plaintiff claims through one James H. Hallock, and to show title in him, is able to produce only a record of a paper purporting to be a deed to him by James Rutherford, dated May 8, 1854, and

recorded in the clerk's office of the county of Westchester May 17, 1854. The record of such instrument purports to have been acknowledged by the grantor before a commissioner of deeds for the State of New York in Philadelphia, State of Pennsylvania, but there is no certificate recorded therewith under the hand and seal of the Secretary of State of the State of New York certifying that the person taking such acknowledgment was a commissioner of deeds of the State of New York, as required by statute, in order to entitle a deed "to be read in evidence or recorded." The agreed statement of facts concedes that it cannot be shown outside of the record that the deed was actually executed, acknowledged and delivered. The deed cannot be found, and it is admitted that no living witness can now be produced who took part in its execution, or who can state of his own knowledge any facts concerning it. Nor does it appear that Hallock took possession under such instrument; on the contrary, it is stipulated that "there is no evidence now known to the parties to this submission that James H. Hallock ever took actual possession of the said premises under or after the said deed of conveyance last above described."

Summarized, the situation is as follows: The plaintiff has no record title; cannot establish, by secondary evidence, the execution and delivery of a deed to Hallock, and is unable to prove that actual possession of the property was ever taken by or under Hallock prior to August, 1886. The title which he offers to the defendant is not, therefore, marketable.

Judgment is ordered that the defendant be released from the contract, and that the plaintiff pay to her the $500 advanced on account of the purchase price, with interest from November 26, 1894, together with the sum of $100 for expenses incurred in examining title, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

So ordered.